IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARK DATANGEN ROBERTSON,<br><br>Defendant. | Case No. CR14-0061<br><br>ORDER FOR PRETRIAL DETENTION |

On the 10th day of June, 2014, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Dan Chatham. The Defendant appeared personally and was represented by his attorney, Stephen A. Swift.

## I. RELEVANT FACTS AND PROCEEDINGS

On June 4, 2014, Defendant Mark Datangen Robertson was charged by Indictment (docket number 6) with conspiracy to distribute a controlled substance (Count 1) and distribution of a controlled substance (Count 2). At the arraignment on June 5, 2014, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on August 4, 2014.

The Government elected not to offer any evidence at the time of hearing, relying instead on the information set forth in the pretrial services report. Defendant is 31 years old. He was born in Chicago, Illinois, and lived there until age 18, when he moved to Cedar Rapids. Prior to his arrest, Defendant was residing with his girlfriend, Rodesa Herman, but he told the pretrial services officer that he did not know her address and he could not provide a phone number to contact her. The pretrial services officer was able to contact Ms. Herman, however, and confirmed that Defendant is welcome to return to her home if released.

Defendant's father lives in Minnesota and his mother lives in Cedar Rapids. Defendant has two siblings, one of whom resides in Cedar Rapids. Defendant has never been married, but has five children (ages 12, 8, 6, 3, and 3) with five women.

Defendant told the pretrial services officer that he has been employed with a friend named "Charles," cleaning houses and semi-trucks, but he could not recall Charles' last name or the name of the business. Defendant worked for two months in early 2014 at Whirlpool Amana, but apparently lost his job when he was required to serve a 60-day state jail term. The Defendant has no physical health issues and no history of mental health issues. Defendant admitted that he smoked marijuana on weekends from age 17 to age 29, and last used marijuana about two months ago.

Defendant has a substantial prior criminal record, dating back to age 19, when he was convicted of domestic abuse assault. Also at age 19, Defendant was convicted of possession of a controlled substance. By the Court's calculation, Defendant has been convicted of assault on six occasions, with five other assault charges dismissed. On April 23, 2004, Defendant was found in contempt for failing to complete the batterers' education program, and sentenced to 30 days in jail. On June 8, 20014, Defendant was charged again with assault.

In September 2003, Defendant was charged with a felony drug offense. He received a suspended five-year prison term, but was found in contempt of court a few months later and sentenced to serve 45 days in jail. Defendant's probation was modified in July 2006 to include placement at a halfway house. In September 2006, Defendant was found in contempt of court and sentenced to serve six months in jail. While at the halfway house, Defendant was convicted of voluntary absence (escape).

In the last four years, Defendant has been convicted of driving while barred seven times, and convicted of driving while suspended twice. During that time, Defendant failed to appear for court proceedings on four occasions and warrants were issued for his arrest.

2

In July 2013, Defendant was convicted of possession of marijuana, third offense, and sentenced to 60 days in jail.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in certain cases, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). For example, if the Court finds there is probable cause to believe that the person committed a drug offense for which a maximum term of imprisonment of ten years or more is applicable, or possessed a firearm in furtherance of a drug trafficking crime, or committed certain specified

4

offenses involving a minor victim, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). In a "presumption case," the defendant bears a limited burden of production – not a burden of persuasion – to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with conspiracy to distribute a controlled substance and distribution of a controlled substance. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(C).

There is a rebuttable presumption that Defendant should be detained pending trial. While Defendant has ties to the Cedar Rapids community, he does not have stable employment. Defendant has a substantial prior criminal record, including multiple convictions for violent offenses. By the Court's count, Defendant has failed to appear for court proceedings on six occasions and was convicted of escape for walking away from a halfway house. In the past four years, Defendant has been convicted eight times for driving without a valid license. The Court has no confidence that Defendant would comply with any conditions which it may impose for his release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions

5

will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

### III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (June 5, 2014) to the filing of this Ruling (June 10, 2014) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 10th day of June, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA